MILLS, Judge.
INTRODUCTION
Appellants, defendants below, appeal from a final judgment entered in favor of appellee, plaintiff below, following a nonju-ry trial in a mechanic’s lien foreclosure action.
ISSUE
Whether, under the facts of this case, plaintiff’s claim of lien was filed within 90 days from the date of the final furnishing of labor or services.
STATUTE INVOLVED
Section 713.08(5), Florida Statutes (1971), provides in pertinent part:
“The claim of lien may be recorded at any time during the progress of the work or thereafter but not later than ninety days after the final furnishing of the labor or services or materials by the lien-
FACTS
Plaintiff filed its claim of lien on 9 February 1973. The claim recited that plaintiff last furnished labor or services on the job on 11 November 1972. The initial com *128 plaint alleged that the plaintiff furnished the last of improvements on 7 November. This complaint was dismissed and plaintiff filed an amended complaint alleging that the last of improvements was furnished on 11 November. At the conclusion of the plaintiff’s case in chief, the plaintiff was permitted to amend its complaint to show the final day of work to be 4 November. Thereafter, the plaintiff was again permitted to amend its complaint to show the final date of work to be 11 November.
The evidence adduced at trial was that the final day of work was 4 November or 9 November. Evidence was adduced that a piece of machinery owned by plaintiff was at the job site on 12 November, although it had not been used on the job.
DECISION
The judgment entered in favor of the plaintiff must be reversed because the testimony at trial shows that the final furnishing of labor or services occurred on 4 or 9 November; therefore, the claim of lien, which was filed on 9 February, was not filed within the 90-day period of time mandated by Section 713.08(5). Plaintiff’s contention that its claim of lien was timely filed because it left a piece of its road building machinery at the job site until 12 November is without merit. The storage of the piece of machinery at the job site after plaintiff concluded its work on 4 or 9 November is not the furnishing of labor or services within the intendment of Section 713.08(5).
The final judgment in this case is reversed and this case is remanded to the trial court for the entry of a final judgment in favor of the defendants.
RAWLS, Acting C. J., and ERVIN, J., concur.